IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN WILLIAM FAWLEY,

        Petitioner,

v.   No. CIV 09-892 WJ/RHS

JAMES JANECKA, Warden,

        Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS MATTER is before the Court on Petitioner Benjamin William Fawley's ("Fawley") Motion for Reconsideration, filed November 9, 2009. [Doc. 14.] Fawley also submitted a separate letter to the Court regarding his Motion for Reconsideration, alleging that the recent death of a medical expert who was assisting Fawley impacts his ability to discover relevant information. [Doc. 13.]

On October 23, 2009, Fawley filed a motion for appointment of counsel. [Doc. 10.] On October 29, 2009, the Court denied Fawley's request for appointment of counsel. [Doc. 11.] The Court found, in part, that Fawley understood the issues in the case and appeared to be representing himself in an intelligent and capable manner. The Court also determined that the issues presented in Fawley's case were not complex. [Doc. 11.]

Fawley now asks the Court to reconsider his request. He again alleges that because he is confined, he is unable to obtain the documents and other evidence "that is easily available to anyone else . . . ." [Doc. 14, p. 2.] Fawley seeks media reports, information posted on the internet, and video

1

clips taken in a courtroom in 2006. Fawley also contends he is unable to obtain his complete case file from counsel. Without such information or "evidence," Fawley argues that he lacks the legal training to establish his claims of ineffective assistance of counsel. In addition, he contends that complex issues of jurisdiction and venue are before the Court, thereby requiring appointment of counsel. [Doc. 14, p. 5.]

The Court again carefully reviewed the pleadings in this case, along with Fawley's lengthy motion to reconsider, his accompanying letter, and the many attachments to his pleading. [Doc. 13, 14.] However, Fawley presents no grounds for overturning the earlier order denying counsel. He essentially re-argues the positions already asserted in his original motion for appointment of counsel. The Court finds that Fawley continues to present himself in a thoughtful and intelligent manner. Moreover, none of the issues presented by Fawley's habeas petition are considered complex or novel.

The Constitution provides that in all criminal prosecutions, the accused has the right to assistance of counsel for his defense. U.S. Const. Amend. VI. This right to counsel extends to the direct appeal as of right from a conviction, but it does not extend to proceedings like this habeas corpus petition, in which Fawley attempts to attack his conviction. *See, e.g.,* Douglas v. California, 372 U.S. 353, 356, 83 S.Ct. 814 (1963) (no constitutional right to appointment of counsel in collateral proceeding); Swazo v. Wyoming Dept. of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994) (no constitutional right of appointment of counsel in habeas proceeding, and court did not abuse its discretion in denying request for counsel). Thus, the Court finds no basis to reconsider its previous order denying appointment of counsel.

IT IS THEREFORE ORDERED that Fawley's Motion for Reconsideration [Doc. 14] is DENIED.

*Robert Hayes Scott*
ROBERT H. SCOTT
UNITED STATES MAGISTRATE JUDGE