**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BENJAMIN WILLIAM FAWLEY,

      Applicant,

v.                                              No. CIV 09-0892 WJ/RHS

J. JANECKA, Warden,

      Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases, on Petitioner's Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2254. Petitioner challenges a criminal conviction entered against him by a Virginia state court. He is confined in New Mexico as a transferee from Virginia. The Court will dismiss the petition.

Because Petitioner is confined in New Mexico, the petition is properly filed in this Court. *Cf. Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (§ 2241 proceeding). On the other hand, Virginia is a preferable forum for adjudicating a petition that attacks a judgment of a Virginia state court. *See Parette v. Lockhart*, 927 F.2d 366, 366-67 (8th Cir. 1991). Because Virginia would provide the more convenient forum for Petitioner's claims, the Court may transfer this proceeding to a United States District Court in Virginia. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 n.15 (1973); *and see* 28 U.S.C. § 1631 (authorizing courts to transfer actions "if the transfer is in the interest of justice"). In determining whether to transfer a case, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

The Court of Appeals for the Tenth Circuit has noted several factors that this Court should

consider in determining whether to transfer or dismiss this petition. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *In re: Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (weighing *Trujillo* factors before transferring a second or successive § 2255 motion). The first of these factors is whether a new petition would be time-barred at this point. *See Haugh*, 210 F.3d at 1150. Another factor is whether Plaintiff's claims "are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4, and the third is whether the instant proceeding was filed in good faith, *see Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).

Petitioner states that he also has a filed a § 2254 petition in Virginia raising the same issues that he asserts here. (Pet. at 5.) This fact implicates all three *Trujillo* factors, and it appears possible that Petitioner's petition in this Court amounts to a second or parallel attempt to litigate claims against his Virginia state court conviction. Analysis of the *Trujillo* factors thus weighs in favor of dismissal rather than transfer of this petition. In the interest of justice, *see* § 1631, Petitioner's § 2254 petition against his Virginia criminal conviction will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Petitioner's Petition For A Writ of Habeas Corpus Under 28 U.S.C. § 2254 is DISMISSED without prejudice to his right to pursue his claims in an appropriate forum, all pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE